## George Corey *versus* John Corey.

A minor son authorized by his father to go out to service and receive his earnings to his own use, may maintain an action for his wages against his employer, although such authority was not made known to the employer at the time when the minor entered into his service.

If, in such case, no express contract be made with the employer, the law will imply a promise by him to the minor, and not to the father.

Assumpsit for work and labor done by the plaintiff from the time he was thirteen until he was eighteen years of age. One ground of the defence was, that if any thing was due from the defendant, it was due to the plaintiff's father, and not to the plaintiff himself. The father testified, that he told the plaintiff, before he went to live with the defendant, (who was the plaintiff's brother,) that he might go, if he had a mind to, and have his earnings. But there was no evidence that the defendant had any knowledge, before the trial, that the father had so told the plaintiff. There was no evidence that the defendant made any contract with the plaintiff for his services, but it appeared that the defendant had conversed with the father in regard to the wages of the plaintiff, during the time of the plaintiff's living with the defendant.

*Wilde* J. instructed the jury, that if no contract were shown, the plaintiff might recover upon an implied promise to pay him for his services. The jury returned a verdict for the plaintiff; whereupon the defendant moved for a new trial.

*Fletcher*, for the defendant, cited *The King* v. *Wilmington*, <span align="right">*March 9th*</span> 5 Barn. & Ald. 525 ; *Sumner* v. *Sebec*, 3 Greenl. 223 ; *Benson* v. *Remington*, 2 Mass. R. 113 ; *Manchester* v. *Smith*, 12 Pick. 113.

*C. P. Curtis* and *B. R. Curtis*, for the plaintiff, cited

3*

*Nightingale* v. *Withington*, 15 Mass. R. 272 ; *Moses* v. *Stevens*, 2 Pick. 332 ; *Keen* v. *Sprague*, 3 Greenl. 77.

SHAW C. J. delivered the opinion of the Court. The general rule of law in this Commonwealth, founded on the relations and mutual obligations of the father and his minor children is, that the father is entitled to the earnings of his minor son. But where the father has voluntarily relinquished his right, and authorized his minor son to employ himself, and to take his own earnings, the son has a right so to contract and the employer will be bound to him. Such an authority on the part of the father, may be shown by positive proof, or inferred from circumstances ; it may be shown by a general permission to go abroad and seek employment, or to engage in a particular service.

Here there was evidence, from the father himself, that before the service commenced, he authorized his son to go into this particular service, and have his earnings. Such being the case, the son became, to a certain extent, independent, with power to act in his own right, and then having performed services, entitling him to compensation, he had a right to recover it in his own name to his own use.

It was argued, that the meaning of the father must have been, that when he himself received the earnings, he would pay them to his son. But this seems a forced construction. It is much more probable, that when he told him he might go into his brother's employment and have his earnings, his meaning was, that he should himself take his earnings from his brother.

Then it is stated in the report, that there was no evidence tending to show, that the defendant knew that the father had told the plaintiff, he might have his earnings. But the Court are of opinion, that it was not necessary for the plaintiff to prove, that the defendant had that notice at the time of the engagement. Where one deals with another acting under an authority, it is sufficient to prove the existence of the authority afterwards. If one person makes a payment to another, as agent of a third, without evidence of authority at the time, it will be sufficient to render the act valid, to show that in point of fact, the agent was so authorized.

It was contended, that in the absence of all proof of express

contract, the law would presume the promise, *to the father* and not *to the son.* In absence of all proof of any authority from the father to the son to contract in his own right, this might be so. It is founded on the principle, that by law the father is entitled to the earnings, and the law implies a promise to pay, according to the right, for the sake of the legal remedy by assumpsit. But when it is shown, that the father had relinquished his right *pro tanto*, and authorized the son to contract for his employment and take his earnings, then upon the same general reason, the law implies a promise to pay the son, according to his right. It was in reference to this state of the evidence, obviously, that the jury were instructed that if no contract, that is, *no express contract*, between the plaintiff and defendant were shown, the plaintiff might recover upon an implied promise for his services. That is, there being evidence to show, that in the particular case, the son had a right, derived from his father, to take his earnings, he might recover upon an implied promise conformably to that right.

This brings it to the ordinary case of young men under twenty-one coming from the country seeking employment. The very offer of service implies, that if they have fathers, they have their consent thus to seek employment, but no formal evidence of this is usually produced. The employer pays the servant. The employer afterwards is able to show, that the father had authorized the son thus to seek employment and take his wages. Supposing the employer refuses to pay the wages, and the servant is compelled to sue. May he not, upon proof of the same fact of authority, given by his father, sue in his own name? The ground is, that in point of fact, *quoad hoc* the son acts in his own right, and being for his benefit, the contract will be supported.

*Judgment on t'e verdict*